UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAVINDER KUMAR,<br><br>                          Petitioner,<br><br>v.<br><br>WARDEN, Imperial Regional Detention Facility, et al.,<br><br>                         Respondents. | Case No.:  26-CV-1950 JLS (JLB)<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 1) |

Presently before the Court is Petitioner Ravinder Kumar's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Also before the Court is Respondents' Return to Habeas Petition ("Ret.," ECF No. 4). Petitioner, an Indian national, entered the United States in 2022 and alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Imperial Regional Detention Center since February 18, 2026. Pet. ¶¶ 22–25. Petitioner claims that he is entitled to release and a bond hearing. *Id.* at 8.

Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 25-CV-1873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D.

26-CV-1950 JLS (JLB)

Cal. Nov. 25, 2025).[1]  Ret. at 1.  Respondents state that Petitioner is subject to mandatory detention under § 1225(b)(2); however, "the government acknowledges that this Court, and Courts in this District, have repeatedly reached the opposite conclusion under the same and/or similar facts."  Ret. at 2.  Respondents therefore do "not oppose the [P]etition and defer[] to the Court on the appropriate relief."  *Id.* at 3.  The Court finds that Petitioner is entitled a bond hearing under § 1226(a).  *See Esquival-Ipina v. LaRose*, 812 F. Supp. 3d 1073, 1080–81 (S.D. Cal. 2025) (granting bond hearing in similar facts).  Therefore, the Petition (ECF No. 1) is **GRANTED IN PART**.

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1), and **ORDERS** Respondents to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within <u>fourteen (14) days</u>. Respondents **SHALL NOT** deny Petitioner's bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.  The Court **DENIES IN PART** the Petition to the extent that Petitioner requests to be released from custody.  The Parties **SHALL** provide a joint status report informing the Court of the outcome of the bond hearing by <u>May 8, 2026</u>.  As this concludes the litigation in this matter, the Clerk **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  April 10, 2026

Hon. Janis L. Sammartino
United States District Judge

---

[1] The Court notes that on March 6, 2026, the Ninth Circuit granted an administrative stay of the *Bautista* decision "insofar as the district court's judgment extends beyond the Central District of California." *Maldonado Bautista, et al. v. United States Department of Homeland Security, et al.*, No. 26-1044, ECF No. 5 (9th Cir. March 6, 2026).  Therefore, the Court resolves the Petition without reliance on *Maldonado Bautista*.

26-CV-1950 JLS (JLB)